Thaddeus A. BIRCH, Sr., Thaddeus A. Birch, Jr.

v.

**LOCAL SELECTIVE SERVICE BOARD NO. 63, the Selective Service System.**

Civ. A. No. 56–70.

United States District Court, W. D. Pennsylvania, Erie Division.

Sept. 9, 1970.

William H. Burke, Erie, Pa., for plaintiffs.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Bernhard Schaffler, Asst. U. S. Atty., for defendant.

## OPINION

WEBER, District Judge.

This is an action to restrain the Selective Service Board in ordering plaintiff (Thaddeus A. Birch, Jr.) to report for induction. The Government has moved to dismiss for lack of jurisdiction under Section 10(b) (3) of the Military Selective Service Act of 1967 [50 U.S.C.App. Sec. 460(b) (3)] which prohibits judicial review of the proceedings of selective service boards except as a defense to criminal prosecution for failure to report for induction.

To overcome this jurisdictional barrier the plaintiff alleges a deprivation of procedural due process both in the local board's procedure leading to his Order to Report for induction, and in proceedings subsequent thereto when he sought to have his classification reopened.

Prior to the Order to Report plaintiff sought to have his 1–A classification changed. During this process the local board reviewed the, material submitted in support of a claim of change of status, twice voted to reopen his classification and twice reclassified him 1–A, on January 22, 1970 and on April 16, 1970. The classification of January 22, 1970 was followed by a conference with the Government Appeal Agent and a personal appearance before the Local Board, leading to the review and reopening of classification of April 16, 1970. This classification was appealed and was affirmed by the Appeals Board 3–0 on June 10, 1970. An Order to Report for induction on August 3, 1970 was issued July 17, 1970 and on that date plaintiff requested another meeting with the Government Appeal Agent, which he had on July 24, 1970. Further requests to reconsider his status followed the Order to Report, as a result of which plaintiff was informed that he had no further right of administrative appeal. However, as a result of subsequent submission of further material by plaintiff his induction was postponed by direction of the State Selective Service Headquarters until September 1970 in order to give the Local Board time to consider his new submission.

Referring to the procedures prior to induction plaintiff alleges that the Local Board and in particular the Government Appeals Agent failed to consider fully, to explore and advise plaintiff on all avenues of possible deferment applicable to him before the issuance of the Order to Report. Particularly plaintiff argues that prior to the notice to report the Local Board and the Appeals Board considered his application to reopen only in the light of an occupational deferment, whereas properly considered and if given the opportunity to present such evidence properly and fully, he should have been considered for a hardship deferment.

Plaintiff further argues that he was not properly informed by the Local Board and the Government Appeals

Agent that his procedural avenues for reconsideration would be greatly reduced after the issuance of Order to Report for induction, because such reopening is precluded "unless the local board first specifically finds there has been a change in registrant's status resulting from circumstances over which the registrant has no control." 32 C.F.R. 1625.2

■■ We can find no procedural error or omission in the Local Board's action prior to the first Order to Report for induction. All of the evidentiary material before us is contained in Government's Exhibit A, which is plaintiff's Selective Service file. It shows that each submission by plaintiff was considered, that upon receiving notice of classification as 1–A on January 22, 1970 plaintiff notified the Local Board of his desire to appeal, of his desire for a personal appearance before the Board, and his desire to meet with the Government Appeal Agent. All were given him and as a result of his personal appearance on April 16, 1970 his classification was reopened, and he was again classified 1–A by a 3–0 vote. He then appealed to the Board of Appeals, which affirmed the 1–A classification by 3–0. With such a vote plaintiff has no further right of administrative appeal.

We thus can find no failure to consider the evidence submitted, no denial of any right to appeal, no denial of any right of appeal.

■ This case represents no denial of a status given plaintiff by statute, no evidence of punitive action or unlawful use of delinquency procedures. All that plaintiff can complain of is that the Local Board and the Appeals Board failed to grant him his request. Thus, the exceptions of Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 do not apply. Rather the case is ruled by Clark v. Gabriel,

393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, where the Court held:

"Here, by contrast, there is no doubt of the Board's statutory authority to the action which appellee challenges, and that action inescapably involved a determination of fact and an exercise of judgment."

(p. 258, 89 S.Ct. p. 426.)

■ Plaintiff's second line of argument attacks the failure of the Local Board to reopen his classification on the submission of new evidence after the Order to Report for induction had issued. He alleges that this is a denial of due process because the failure to reopen his classification denies him the right of appeal. Again in referring to the record we note that while the Local Board did not vote to reopen, the Local Board did exercise the discretion vested in them by considering the material submitted and exercising its discretion thereon. His file was forwarded to State Headquarters for review, his induction was postponed until September to allow the Local Board to consider his case, and on August 6, 1970 the Local Board's minutes reveal that it reviewed information submitted after the Order to Report for induction and could find no change in registrant's status resulting from circumstances over which he had no control. The Board voted 4–0 not to reopen. This was an exercise of discretion which is not subject to judicial review at this stage under Section 10(b) (3) and if plaintiff's claim has any validity it rests upon this point. Plaintiff argues that in presenting new evidence setting forth a prima facie basis for reclassification the Local Board had no alternative but to reopen his classification thus giving him the right to appeal.

To accept this argument would compel this Court to pass on the merits of his classification at this time. The Court would have to review those facts which were before the Local Board to determine again whether there was a change in registrant's status resulting from cir-

cumstances over which he had no control.

The decision of our Court of Appeals in Hunt v. Local Board, 423 F.2d 576 (issued March 4, 1970) would compel us to make such a review, but we note that this judgment has been vacated on July 22, 1970 and the case restored to the calendar for rehearing en banc. (We note that *Hunt* did not involve a request to reopen classification *after* the Order to Report for induction).

Petrie v. United States, 407 F.2d 267 [9th Cir. 1969] which held that the failure to reopen upon the submission of facts which must be weighed to determine whether to reopen compels a reopening, with its right to subsequent administrative appeal. But this was a criminal prosecution for failure to report where the scope of the courts review it broader and where the court may consider the action of the board in the light of the facts presented to it. But to make such an inquiry in this case would require us to determine whether the registrant had presented such a prima facie case as to entitle him to a reopening. This is an area of discretion reserved to the board under the Regulations and we find no authority that permits us to do so in a pre-induction review.

In the entire case we can find no departure from the statutorily mandated procedures of the Local Board sufficient to allow this Court to entertain jurisdiction under *Oestereich* or *Breen*. Section 10(b) (3) therefore bars our consideration of this case at this stage.

In passing, while we have abstained from considering any factual issues which were presented to the Local Board in arriving at our decision, we cannot help but note one clear statutory bar to the classification which plaintiff sought in his attempt to have his classification reopened. He alleges that he presented a prima facie case of a change in status entitling him to a Class III–A deferment for hardship. Yet at no time does his file reflect any report of change of status as to dependents. His initial classification questionnaire, Series III on Dependents is marked "Does not apply", under the list of persons wholly or partially dependent on him for support are listed "None", and at no time has any information been submitted that this status has changed. 32 C.F.R. 1622.-30(a) requires a showing of extreme hardship to designated relatives dependent upon him for support. Thus, were we permitted to pass upon the factual matters to determine if plaintiff had presented a prima facie case entitling him to reclassification, we would be compelled to find that he had not.

The within Opinion shall constitute the Findings of Fact and Conclusions of Law of the Court under Fed.R. of Civ.P. 52.

Defendant's Motion to Dismiss for want of jurisdiction will be granted.

### ORDER

And Now this 9th day of September, 1970, the Motion of Defendant to Dismiss the within action is Granted, and it is Ordered that this action be Dismissed.

It is further Ordered that a Stay of the Order to Report for Induction is Granted until September 22, 1970 to enable Plaintiff to apply to the Court of Appeals for further stay pending appeal of the within action.